UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VALERIE HAMMOND,

        Plaintiff,

                                          File No.  2:08-CV-64

v.

                                          HON. ROBERT HOLMES BELL

GERALD HOFBAUER, Individually and
as Warden of the Marquette Branch Prison,

        Defendant.
                                         /

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 civil rights action is before the Court on Plaintiff Valerie Hammond's application for entry of default (Dkt. No. 7), and on Defendant Gerald Hofbauer's motion for extension of time to answer the complaint (Dkt. No. 8).

Plaintiff filed her complaint in the Marquette County Circuit Court.  Defendant was served with the complaint on February 12, 2008.  (Dkt. No. 7, Kruse Aff. ¶ 1.)  Defendant filed a notice of removal of the complaint to federal court on March 11, 2008.  (Dkt. No. 1.) Plaintiff filed an application for entry of default on May 30, 2008, because Defendant had failed to plead or otherwise defend in accordance with Federal Rule of Civil Procedure 55(a).  On June 2, 2008, Defendant filed a motion for extension of time to answer the complaint.  (Dkt. No. 8.)

Defendant contends that entry of default would not be appropriate because he satisfied his obligation "to plead or otherwise defend" by filing an appearance and removing the case from state court.  Contrary to Defendant's assertions, these actions do not satisfy his obligation "to plead or otherwise defend" under Rule 55(a).  Neither an appearance nor a notice of removal constitutes an allowable pleading as defined in Federal Rule of Civil Procedure 7.  Although the term "otherwise defend" is not defined in the Federal Rules, it is generally understood to include motions attacking service, motions to dismiss, motions for bills of particulars, or motions for summary judgment.  *See* 10 James Wm. Moore, et al., *Moore's Federal Practice* § 55.10[2][b] (3d ed. 2007).  Unlike such motions, neither an appearance nor a notice of removal is an action designed to resist the claims made in the complaint.

Plaintiff showed that she was entitled to entry of default.  However, before default was entered Defendant filed a motion for extension of time to answer.  Plaintiff has filed an opposition to Defendant's motion for extension of time to answer.  Under the circumstances the Court could enter a default and then either wait for a motion to set aside the default or construe Defendant's motion for extension of time to answer as a motion to set aside the default.  Alternatively, the Court could decline to enter default and grant the motion for extension of time to answer.  In light of the explanations contained in Defendant's motion for extension of time to answer and Plaintiff's response thereto, the Court concludes that the outcome would be the same under either procedure.

A district court may set aside a default "for good cause shown." Fed. R. Civ. P. 55(c). A district court enjoys "considerable latitude" under this standard to grant a defendant relief from the entry of default. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). Among the equitable factors to be considered are "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

In this case Defendant asserts that his failure to answer was caused by oversight when the case was transferred from one attorney to another attorney within the under-staffed Attorney General's office. Defense counsel has asserted that he was unaware that he had been substituted in as counsel in this case. However, the docket reflects that counsel electronically signed both the substituted appearance and the certificate of service. (Dkt. No. 6).

The Court is gravely concerned by counsel's representation that his appearance was electronically filed under his signature without his knowledge. If this is in fact the case, it is a matter that needs to be immediately addressed by counsel and the Attorney General's office. In any event, it appears that Defendant's failure to timely file an answer is the result

of negligence rather than willful conduct. Defendant filed the motion for extension of time to answer promptly upon learning of Plaintiff's application for entry of default and Plaintiff has not alleged that she has been prejudiced by Defendant's failure to timely file an answer. Because the Court would set aside the default if it were entered, the most efficient procedure is to decline to enter the default. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for entry of default (Dkt. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time to answer the complaint (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's time for filing an answer is **EXTENDED to June 16, 2008**.

Date:    June 9, 2008                          /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               CHIEF UNITED STATES DISTRICT JUDGE